# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIRSADA MURATOVIC, | Docket No.: 1:21-cv-00562 |
| Plaintiff, | |
| - against – | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| ZAVOR AMERICA, INC. a/k/a FECNA AMERICA, INC., f/k/a FAGOR AMERICA, INC., | |
| Defendant. | |

## COMPLAINT

Plaintiff, **MIRSADA MURATOVIC** (hereafter referred to as "Plaintiff"), by and through her attorneys, **JOHNSON BECKER, PLLC** and **SANDERS PHILLIPS GROSSMAN, LLC**, hereby submit the following Complaint and Demand for Jury Trial against Defendant **ZAVOR AMERICA, INC. a/k/a FECNA AMERICA, INC., f/k/a FAGOR AMERICA, INC.,** (hereafter referred to as "Defendant Fagor"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE ACTION

1. Defendant designs, manufactures, markets, imports, distributes and sells consumer kitchen products, including the subject "Fagor EZ Lock Pressure Cooker" that is at issue in this case.

2. Defendant touts the "safety"[1] of its pressure cookers, and that they are equipped with features such as a Safety Valve[2] and a Safety Window.[3] Despite Defendant's claims of "safety", it designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3. Specifically, said defects manifest themselves when, despite Defendant's claims, the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages.

4. Defendants knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like them.

5. As a direct and proximate result of Defendants' conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

---

[1] *See*, Fagor EZ Lock Pressure Cooker Owner's manual. A copy of the Owner's manual is attached hereto as "Exhibit A".
[2] *Id.*
[3] *Id.*

## **PLAINTIFF MIRSADA MURATOVIC**

6. Plaintiff Mirsada Muratovic is a resident and citizen of the city of Flushing, County of Queens, State of New York, and was born on March 24, 1977.

7. On or about February 23, 2018, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto the Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety" features which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

## **DEFENDANT ZAVOR AMERICA, INC.**
## **a/k/a FECNA AMERICA, INC.**
## **f/k/a FAGOR AMERICA, INC.**

8. Defendant designs, manufactured, markets, imports, distributes and sells a variety of consumer kitchen products including pressure cookers, juicers, coffee makers, and air-fryers, amongst others.

9. Upon information and belief, Zavor America, Inc., Fagor America, Inc. and Fecna America, Inc. are one and the same corporation, and/or a successor or predecessor of the other, and/or changed its name from Fagor America, Inc. to Fecna America, Inc./Zavor America, Inc., or *vice versa*.

10. Fagor America, Inc. and/or Zavor America, Inc. Fecna America, Inc. distributed to retailers in the United States cooker products under the brand name of "Fagor". Therefore, for purposed of this complaint, Plaintiff simply refers to "Defendant Fagor".

11. Defendant Fagor is a Delaware Corporation, with a principal business located at 1099 Wall Street West, Suite 179, Lyndhurst, New Jersey, 07071, and does business in all 50 states. Defendant Fagor is therefore deemed to be a resident and citizen of the State of New Jersey. At all times relevant, Defendant Fagor substantially participated in the design, manufacture, marketing, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

14. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is a resident of this District and have sufficient minimum contacts with the State of New York and intentionally avails itself of the markets within New York through the promotion, sale, marketing, and distribution of their products.

## FACTUAL BACKGROUND

15. Defendant is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

16. Defendant touts the "safety"[4] of its pressure cookers, and that they are equipped with features such as a Safety Valve[5] and a Safety Window.[6]

17. By reason of the forgoing acts or omissions, the above-named Plaintiff purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

18. Plaintiff used her pressure cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by the Defendant.

19. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by the Defendant in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

20. Defendant's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

21. Further, Defendant's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

22. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

---

[4] *See*, Fagor EZ Lock Pressure Cooker Owner's manual. A copy of the Owner's manual is attached hereto as "Exhibit A".
[5] *Id.*
[6] *Id*.

23. Defendant knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendant continues to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of its pressure cookers.

24. As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

25. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY

26. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

27. At the time of Plaintiff's injuries, Defendant's Pressure Cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

28. Defendant's Pressure Cookers were in the same or substantially similar condition as when they left the possession of Defendant.

29. Plaintiff did not misuse or materially alter their respective Pressure Cookers.

30. The Pressure Cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

31. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the Pressure Cookers safe. Specifically:

   a. The Pressure Cookers designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c. Defendant failed to properly market, design, manufacture, distribute, supply, and sell the Pressure Cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d. Defendant failed to warn and place adequate warnings and instructions on the Pressure Cookers;

   e. Defendant failed to adequately test the Pressure Cookers; and

   f. Defendant failed to market an economically feasible alternative design, despite the existence of the aforementioned economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

32. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

33. Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of its Pressure Cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages according to proof, and to the extent applicable by law.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## COUNT II
## NEGLIGENCE

34. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

35. Defendant has a duty of reasonable care to design, manufacture, market, and sell non-defective Pressure Cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

36. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its Pressure Cookers in that Defendant knew or should have known that said Pressure Cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

37. Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of its Pressure Cookers in that, among other things, it:

   a. Failed to use due care in designing and manufacturing the Pressure Cookers to avoid the aforementioned risks to individuals;

   b. Placed an unsafe product into the stream of commerce;

   c. Aggressively over-promoted and marketed its Pressure Cookers through television, social media, and other advertising outlets; and

   d. Were otherwise careless or negligent.

38. Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the Pressure Cookers were still pressurized, Defendant continued to market (and continues to do so) its Pressure Cookers to the general public.

39. Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of its Pressure Cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made conscious decisions not to redesign, warn or inform

the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages according to proof, and to the extent applicable by law.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## COUNT III
## NEGLIGENT DESIGN DEFECT

40. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

41. Defendant is the manufacturer, seller, distributor, marketer, and supplier of the subject Pressure Cookers, which was negligently designed.

42. Defendant failed to exercise reasonable care in designing, developing, manufacturing, inspecting, testing, packaging, selling, distributing, labeling, marketing, and promoting its Pressure Cookers, which were defective and presented an unreasonable risk of harm to consumers, such as the Plaintiff.

43. As a result, the subject Pressure Cookers, including Plaintiff's Pressure Cooker, contain defects in their design which renders them unreasonably dangerous to consumers, such as the Plaintiff, when used as intended or as reasonably foreseeable to Defendant. The defect in the design allows consumers such as Plaintiff to open the lid while the unit remains pressurized, despite the appearance that all the pressure has been released from the unit, and causes an unreasonable increased risk of injury, including, but not limited to, first, second and third-degree scald burns.

44. Plaintiff in this case used her Pressure Cooker in a reasonably foreseeable manner and did so as substantially intended by Defendant.

45. The subject Pressure Cooker was not materially altered or modified after being manufactured by Defendant and before being used by Plaintiff.

46. The design defects allowing the lid to open while the unit was still pressurized directly rendered the Pressure Cookers defective and were the direct and proximate result of Defendant's negligence and failure to use reasonable care in designing, testing, manufacturing, and promoting the Pressure Cookers.

47. As a direct and proximate result of Defendant's negligent design of its Pressure Cookers, the Plaintiff in this case suffered injuries and damages described herein.

48. Despite the fact that Defendant knew or should have known that the Plaintiff and consumers like her were able to remove the lid while the Pressure Cookers were still pressurized, Defendant continued to market its Pressure Cookers to the general public (and continues to do so).

49. Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of its Pressure Cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages according to proof, and to the extent applicable by law.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## COUNT IV
## NEGLIGENT FAILURE TO WARN

50. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully herein.

51. At the time in which the Pressure Cooker was purchased, up through the time Plaintiff was injured, Defendant knew or had reason to know that its Pressure Cookers were dangerous and created an unreasonable risk of harm to consumers.

52. Defendant had a duty to exercise reasonable care to warn consumers of the

dangerous conditions or the facts that made its Pressure Cookers likely to be dangerous.

53. As a direct and proximate result of Defendant's negligent failure to warn of the dangers of its Pressure Cookers, the Plaintiff in this case suffered injuries and damages described herein.

54. Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the Pressure Cookers were still pressurized, Defendant continued to market its Pressure Cookers to the general public (and continues to do so).

55. Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of its Pressure Cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages according to proof, and to the extent applicable by law.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF FITNESS
## FOR A PARTICULAR PURPOSE

56. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

57. Defendant manufactured, supplied, and sold its Pressure Cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

58. Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

59. Defendant's Pressure Cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with their use.

60. The Plaintiff in this case reasonably relied on Defendant's representations that its Pressure Cookers were a quick, effective and safe means of cooking.

61. Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

62. Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of its Pressure Cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages according to proof, and to the extent applicable by law.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory, treble, and punitive damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## COUNT VI
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

63. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

64. At the time Defendant marketed, distributed and sold its Pressure Cookers to the Plaintiff in this case, Defendant warranted that its Pressure Cookers were merchantable and fit for the ordinary purposes for which they were intended.

65. Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

66. Defendant's Pressure Cookers were not merchantable and fit for its ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

67. Plaintiff purchased her Pressure Cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that they were safe for its intended, foreseeable use of cooking.

68. Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

69. Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of its Pressure Cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public. Defendant made conscious decisions not to redesign, warn or inform the unsuspecting consuming public. Defendant's outrageous conduct warrants an award of punitive damages according to proof, and to the extent applicable by law.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory, treble, and punitive damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants for damages, including exemplary damages if applicable, to which they entitled by law, as well as all costs of this action and interest, to the full extent of the law, whether arising under the common law and/or

statutory law, including:

a. judgment for Plaintiff and against Defendants;

b. damages to compensate Plaintiff for his injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's Pressure cookers;

c. pre and post judgment interest at the lawful rate;

d. exemplary, punitive, and treble damages on all applicable Counts, if applicable, as permitted by the law;

e. a trial by jury on all issues of the case;

f. an award of attorneys' fees; and

g. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Date: February 3, 2021                             Respectfully submitted,

**SANDERS PHILLIPS GROSSMAN, LLC**

*/s/ Randi Kassan, Esq.*
Randi Kassan, Esq.
100 Garden City Plaza
Suite 500
Garden City, NY 11530
516-741-5600 / 516-741-0128 (fax)
Rkassan@thesandersfirm.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.  (#0397289)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
(612) 436-1800 / (612) 436-1801 (fax)
akress@johnsonbecker.com

***Attorneys for Plaintiff***