UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

MIRSADA MURATOVIC,

                              Plaintiff,

        -against-

MARKET SOLUTIONS GROUP, INC. d/b/a
ZAVOR,

                              Defendant.
_____

**MEMORANDUM & ORDER
21-CV-00562 (NGG) (TAM)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court is Defendant Market Solutions Group, Inc.'s ("Zavor")[1] motion to dismiss for failure to state a claim. (*See* August 28, 2023 Notice of Mot. to Dismiss (Dkt. 41); Mem. of Law in Supp. of Mot. to Dismiss ("Mot.") (Dkt. 41-2).) Zavor argues that Plaintiff Mirsada Muratovic ("Plaintiff" or "Muratovic") fails to successfully plead successor liability. On September 29, 2023, Plaintiff filed an opposition to the motion. (*See* Mem. of Law in Opp. ("Opp.") (Dkt. 42).) On October 16, 2023, Zavor filed a reply. (*See* Reply in Further Supp. ("Reply") (Dkt. 43).) For the reasons discussed herein, the court DENIES Zavor's motion to dismiss.

## I.   BACKGROUND[2]

The court assumes familiarity with the underlying facts and procedural history of this action, and refers to its March 29, 2023 Memorandum and Order granting Defendant's first motion to

---

[1] Market Solutions Group, Inc. allegedly does business under the name "Zavor," which is the name used to refer to the entity in the Complaint. The court follows the same convention.

[2] The following facts are taken from the Third Amended Complaint and, for the purposes of this motion to dismiss, are assumed to be true. *See Ark. Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 349 (2d Cir. 2022).

dismiss for additional detail. (*See generally* Mem. & Order ("M&O") (Dkt. 32).)

In brief, this Court granted Zavor's motion to dismiss for failure to state a claim but gave Plaintiff leave to file an amended Complaint to present allegations sufficient to plausibly show that the product-line exception to the rule against successor liability applies under New Jersey law. (*See* M&O at 9-11.) Plaintiff filed a Second Amended Complaint pursuant to this court's M&O, and shortly thereafter filed a Third Amended Complaint. (*See* Second Am. Compl. (Dkt. 33); Minute Entry Dated 6/16/2023; Third Am. Compl. ("TAC") (Dkt. 36).) The TAC is the operative complaint for this motion to dismiss.

In Plaintiff's Third Amended Complaint, she adds sixteen pages of additional facts stemming from the injuries she sustained after opening a pressure cooker originally designed, manufactured, marketed, imported, distributed, and sold by Fagor America ("Fagor"). (TAC ¶ 1.) The court briefly addresses the newly alleged facts as relevant to the instant motion.

Plaintiff alleges that Zavor acquired assets from Fagor, including Fagor's right, title, goodwill and interest in Fagor's trademarks. (*Id.* ¶ 21.) Specifically, Plaintiff alleges that on September 15, 2018, Fagor "sold, assigned and transferred the entire right, title, goodwill and, interest in and to the LUX trademark, serial number 87419291, to Defendant for a sum of one (1) dollar." (*Id.* ¶ 22.) Plaintiff also alleges that Mr. Patricio Barriga, former General Manager, Vice President, and President of Fagor, is listed as both the Assignor and the Assignee on the assignment. (*Id.* ¶¶ 17, 22.)

Plaintiff further alleges that the Zavor line of pressure cookers is a continuation of the Fagor pressure cooker line because Zavor has recycled the same or similar marketing practices from its predecessor, including identical language and diagrams in its instructions, user manuals, and recipes used in cookbooks. (*Id.*

¶¶ 23-24, 41-44.) In support of these allegations, Plaintiff includes links and excerpts from various blogs, articles, and press releases, all referencing Zavor as a new company continuing to do "what they love" including continuing "some of the [Fagor] models" and/or bringing "the best parts of [Fagor] products to [Zavor]." (*Id.* ¶¶ 26-32.) In another example, Zavor's employee and communications manager, Trisia Barriga (who was also formerly an employee of Fagor America/FECNA) was quoted in Home Furnishing News saying that Fagor had a "fabulous product and accolades" and wanted to "continue producing the same line with the same details and attention to consumers as before." (*Id.* ¶ 29.)

Plaintiff alleges similar statements have been included on Zavor's website, including in early promotional materials, product descriptions, and press releases. (*Id.* ¶¶ 33-40.) Finally, Plaintiff alleges that after the dissolution of Fagor, Zavor seemingly continued to provide customer service to consumers who purchased and owned Fagor branded products, offering them replacement parts or offering to replace the entire Fagor unit with a Zavor product. (*Id.* ¶ 45.)

Plaintiff alleges that these facts show that Zavor has "continued the business and sale of pressure cookers identical or substantially similar to those previously sold by Fagor, and has undertaken the same, or essentially the same, manufacturing operation as its predecessor," and is therefore strictly liable for the injuries Plaintiff sustained from the Fagor Helix Pressure Cooker. (*Id.* ¶¶ 1, 46, 59-66.)

Following this court's M&O granting Zavor's motion to dismiss in March of 2023, Plaintiff filed her Third Amended Complaint which raises only one cause of action—strict liability. (*Id.* ¶¶ 59-66.) The motion was fully briefed on October 16, 2023. The court now turns to the motion.

## II. LEGAL STANDARD

"In deciding a motion to dismiss, the court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *McGrath v. Bayer HealthCare Pharms. Inc.*, 393 F. Supp. 3d 161, 166 (E.D.N.Y. 2019).[3] Once the court has done so, the question is whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal for failure to state a claim is appropriate if it is clear from the face of the complaint that a claim is barred as a matter of law. *Biocad JSC v. F. Hoffman-La Roche*, 942 F.3d 88, 93 (2d Cir. 2019).

## III. DISCUSSION

### A. Successor Liability Under New Jersey Law[4]

#### 1. Successor Liability Standard

Under New Jersey law, the general rule of corporate-successor liability is that when a company sells its assets to another company, the acquiring company is not liable for the debts and liabilities of the selling company. *Lefever v. K.P. Hovnanian Enterprises, Inc.*, 160 N.J. 307, 310 (1999). Moreover, the "[p]laintiff bears the burden of establishing that a party is a successor corporation." *Potwora ex rel. Gray v. Grip*, 319 N.J. Super. 386, 406

---

[3] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

[4] In this court's previous M&O, we held that New Jersey law applies to this case. (*See* M&O at 9.) Accordingly, the court's analysis begins with Defendant's assertion that Plaintiff cannot state a claim for successor liability under New Jersey law. (*See* Mot. at 12.)

(N.J. Super. App. Div. 1999). The parties agree that of the five recognized exceptions to the general rule of corporate-successor liability, only the fifth—the "product-line" exception—is implicated in this case.

Under the product-line exception, "a corporation that continues to manufacture and market the same product line after purchasing a substantial part of the previous manufacturer's assets may be exposed to strict liability in torts for defects in the predecessor's products." *Leka v. Health Quest Fitness*, No. A-2213-15T4, 2017 WL 4818886, at *4 (N.J. Super. Ct. App. Div. Oct. 26, 2017)(quoting *Lefever*, 160 N.J. at 310).

In considering whether this exception applies, courts focus on "the successor's continuation of the actual manufacturing operation and not on commonality of ownership and management between the predecessor's and successor's corporate entities." *Ramirez v. Amsted Indus., Inc.*, 86 N.J. 332, 347 (1981). In order to "manufactur[e] essentially the same line of products . . . , it is not enough to simply produce the same general type of product as the predecessor." *Ryan v. Smith*, No. 06-CV-5866 (NLH) (AMD), 2010 WL 743946, at *4 (D.N.J. Mar. 4, 2010); *see also Potwora*, 319 N.J. Super. at 406 (finding that the plaintiff failed to carry his burden where "[t]he proofs merely demonstrate that Vector Sports continued manufacturing many of the same helmets as Land Tool but there is no meaningful evidence that it continued the RG–4 line" and noting that "mere speculation" is insufficient). "While the successor must undertake essentially the same manufacturing operation, the operation need not be identical." *Id.* at 404.  For example, in *Bussell v. DeWalt Prod. Corp.*, the court found it insignificant that over the years Black and Decker made technological updates to its predecessor's radial arm saws so that it was not the exact same product. 259 N.J. Super. 499, 518-20 (N.J. Super. App. Div. 1992). Rather, it affirmed the trial judge's finding that "the word 'essentially' does

5

not mean 'identically'" for purposes of continuing in the manufacturing of a product line. *Id.* at 518.

2.   Whether Defendant Has Obtained Substantially All of Fagor's Assets

Defendant argues that the "only new news" in Plaintiff's Third Amended Complaint is the mention of Zavor's purchase of a trademark from Fagor America and marketing materials that "might reference Fagor" but are otherwise insufficient to show that Zavor purchased substantially all of Fagor's assets. (Mot. at 13.)

Plaintiff alleges that Zavor has acquired substantially all, if not all, of Fagor's assets from Fagor and asserts that the allegations go well beyond a single trademark or marketing materials. (*See* TAC ¶¶ 21-22; Opp. at 7-12.) She alleges that, in particular, Fagor "sold, assigned and transferred the entire right, title, goodwill and, interest in and to" the LUX trademark and includes the Trademark Assignment to convey the assignment from Fagor to Zavor (indicated as Marketing Solution Group, Inc.) (*See* Adam Kress Declaration ("Kress Decl."), Ex. A ("LUX Trademark Assignment") (Dkt. 42-2).)[5] LUX is a line of multicookers that Fagor

---

[5] The court considers the LUX Trademark Assignment as well as all other exhibits that were cited or referenced in Plaintiff's Third Amended Complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) ("[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."). The court notes that Plaintiff's Third Amended Complaint refers to documents "attached hereto" but were inadvertently not included. (*See e.g.*, TAC ¶¶ 2 n.1, 22 n.7.) Plaintiff's reference to those documents, however, is sufficient to deem them incorporated into her Complaint. *Kamholtz v. Yates Cnty.*, 350 F. App'x 589, 592 (2d Cir. 2009) (Summary Order) ("Documents plaintiffs either possessed or knew about and upon which they relied in bringing the suit may be incorporated.").

6

manufactured and sold to consumers. (*See* TAC ¶¶ 30, 38.) Plaintiff notes that Mr. Barriga, in his capacity as General Manager, Vice President, and President of Fagor, sold the LUX trademark to himself for the sum of one dollar. (*See* Opp. at 10 (citing TAC ¶ 22).) Plaintiff further alleges, based on the similarities in the accompanying manuals and cookbooks, that there may be additional trademarks that were transferred from Fagor. (TAC ¶ 23.) Plaintiff also alleges that Zavor obtained Fagor's intellectual property in the form of copyrighted and licensed materials, recipes, instruction manuals, product and part descriptions, photographs, and diagrams. (Opp. at 10.) For example, Plaintiff alleges, among other things, that Zavor obtained the language, design, format, recipes, and pictures used in Fagor's cookbooks to sell Zavor cookbooks, (TAC ¶ 43), obtained Fagor's physical cookbooks and then resold them for personal profit, (TAC ¶ 44), and used identical language and diagrams from Fagor's user manual for the Helix Pressure Cooker—the brand of pressure cookers that Plaintiff alleges she sustained her injuries from—for the Zavor Versa Pressure Cooker, (TAC ¶¶ 41-42).

Moreover, Plaintiff argues that after Fagor's dissolution, Zavor obtained Fagor's industry contacts and took over its chains of distribution. (Opp. at 10.) In support, Plaintiff cites to Mr. Barriga's interview with Kitchenware International where he stated that the creation of Zavor is an "exciting adventure" and Fagor is "extremely lucky that we can count on the support of trusted retailers we've developed strong and successful relationships with over the last 25 years." (TAC ¶ 20.) Plaintiff additionally cites to a blog post from spokesperson Laura Pazzaglia who stated that the "dissolution of the Fagor brand in America leaves a team of talented individuals . . . with an established retail distribution chain." (*Id.* ¶ 26.)

Plaintiff does not point to the existence of a purchase agreement between Fagor and Zavor, nor does she allege Zavor purchased

all of Fagor's assets following its reorganization and subsequent liquidation. In drawing all inferences in Plaintiff's favor, however, the court finds that Plaintiff has made a plausible showing that Zavor obtained substantially all of Fagor's assets, particularly where, as here, Plaintiff's remedies against Fagor were destroyed when it reorganized to FECNA and subsequently dissolved in 2018—the same year that sold its LUX trademark to Zavor. *See Lefever v. Lull Indus., Inc.*, 311 N.J. Super. 1, 7-8 (App. Div. 1998) (describing justification for product line successor liability requires no more than "the destruction of plaintiff's remedy against the manufacturer . . . by virtue of the transfer of the assets of the product line, combined with the manufacturer's effective dissolution and the purchaser's continuation of the product line."), *aff'd sub nom. Lefever*, 160 N.J. 307 (1999)).

Without the benefit of discovery, the court cannot readily determine that Zavor obtained "substantially all" of Fagor's assets, but the LUX trademark, and evidence surrounding the entities' overlapping promotional materials and user manuals do give a plausible showing sufficient to meet this prong at this stage.

### 3.  Whether Defendant Has Continued to Market and Manufacture Fagor's Product Line

Defendant argues that Plaintiff has also failed to show that Zavor continued manufacturing the "exact product that injured her." (Mot. at 13.) Plaintiff responds, arguing that she has sufficiently alleged that Zavor has undertaken essentially the same manufacturing operations as Fagor, and has continued the same product lines as Fagor, particularly as it pertains to Fagor's pressure cookers. (Opp. at 12-14.) Plaintiff first points to allegations in her Third Amended Complaint asserting that Zavor has already admitted to continuing the Fagor pressure cooker line. Ms. Trisia Barrica, Zavor's communications manager, told Home Furnishing News that following Fagor's dissolution, Zavor wanted to

8

"continue producing the same line with the same details and attention to consumers as before." (TAC ¶ 29 (citing "Former Fagor Team Readies Zavor for Housewares Show Launch," https://www.hfndigital.com/industry-news/former-fagor-team-readies-zavor-housewares-show-launch/ (last accessed December 13, 2023)).) In that same article, it explains that many of Zavor's pressure cookers were formerly under the Fagor brand. (*See* TAC ¶ 30.) In a different article featured on Zavor's website, the tech blog WIRED reviewed the Zavor Lux pressure cooker writing that it is "[e]ssentially a new name for an old brand" and a "direct descendant of the Fagor Lux," adding in parenthesis that "Spain's Fagor went out of business last year, but US employees started a new company, essentially slapping a Zavor label on its defunct predecessor's pressure cooker and adding some modest upgrades." (TAC ¶ 32 (citing "Review: Zavor Lux 6-Quart Multicooker," www.wired.com/review/zavor-lux-multicooker/ (last accessed December 13, 2023)).)[6] Finally, Plaintiff alleges that for years following Zavor's inception, it continued to provide customer support to those with Fagor pressure cookers, offering them replacement parts and even sending free Zavor pressure cookers as replacements. (TAC ¶ 45.)

While Plaintiff alleges Zavor manufactures many of the same pressure cookers as Fagor, the focus is on whether Zavor has continued to manufacture the Helix Pressure Cooker as it is the product line at issue in her strict liability claim. *See Potwora*, 319 N.J. Super. at 406. Here, Plaintiff provided instruction manuals for the Helix Pressure Cooker and the Zavor Versa Express Pressure Cooker to show that both contain nearly identical "Introduction," "Important Safeguards," and "Manufacturer's

---

[6] As Plaintiff noted, the review is featured on Zavor's website under "In the Media." (TAC ¶ 32 n. 18); *see also* Zavor in the Media, Zavor, https://www.zavoramerica.com/what-media-customers-and-professionals-say/ (last accessed December 13, 2023).

Recommendations" sections. (TAC ¶¶ 41-42 (citing Ex. H ("Fagor Helix Manual") to Kress Decl. (Dkt. 42-9); Ex. I ("Zavor Versa Manual") to Kress Decl. (Dkt. 42-10)).) Without knowledge of the specific parts that make up the Zavor Versa pressure cooker, one could plausibly assume, as many customers have, that it is simply another Fagor product with a Zavor label "slapp[ed]" on it. (*See* TAC ¶ 32.)

Plaintiff urges the court to allow this case to proceed to discovery to fully prove her case and notes that the additional information she has provided in the operative complaint was procured without proper discovery or cooperation from the Defendant but nonetheless satisfies her burden at the motion to dismiss stage. (Opp. at 14.) The vast majority of cases analyzing the product-line exception and successor liability have been at the summary judgment stage and after the benefit of discovery. *See, e.g., Ramirez*, 86 N.J. at 336 (appeal from summary judgment); *Saez v. S & S Corrugated Paper Mach. Co.*, 302 N.J. Super. 545, 547-48 (App. Div. 1997) (same); *Potwora*, 319 N.J. Super. at 390-91 (same); *Lefever*, 160 N.J. at 307 (same); *Bussell*, 259 N.J. Super. at 503 (appeal from jury verdict); *Arevalo v. Saginaw Mach. Sys., Inc.*, 344 N.J. Super. 490, 492 (App. Div. 2001) (appeal from summary judgment); *Jenkins v. Anderson Mach. Sales*, No. A-3707-00T5, 2002 WL 31398172, at *1 (N.J. Super. Ct. App. Div. Aug. 1, 2002) (same); *Ryan*, 2010 WL 743946, at *1 (summary judgment); *Leka*, 2017 WL 4818886, at *1 (appeal from summary judgment). The court agrees that Plaintiff should be afforded the opportunity to engage in meaningful discovery where she has pled facts sufficient to show that Zavor has obtained what appears to be a substantial portion of Fagor's assets and continues to market the Helix pressure cooker product line under the Zavor name. *See Ryan v. Rexworks*, Inc., No. CIV 06-5866 (NLH), 2008 WL 4066363, at *6 (D.N.J. Aug. 26, 2008) (denying Plaintiff's motion for summary judgment as premature where discovery had not yet taken place).

## IV. CONCLUSION

For the foregoing reasons, Defendant Zavor's motion to dismiss is DENIED. The parties are DIRECTED to contact the chambers of Magistrate Judge Taryn A. Merkl regarding next steps in the case.


SO ORDERED.


Dated:     Brooklyn, New York
           January 2, 2024

                              s/Nicholas G. Garaufis
                              NICHOLAS G. GARAUFIS
                              United States District Judge